# UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| KYLE JACKSON, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>CANYON COUNTY, a governmental entity, and its governmental sub-unit, the CANYON COUNTY SHERIFF'S OFFICE,<br><br>    Defendant. | Case No.: 1:13-cv-00503-REB<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES (Docket No. 18)**<br><br>**DEFENDANT'S MOTION TO STAY DISCOVERY AND DISPOSITIVE MOTION DEADLINES (Docket No. 21)** |

Now pending before the Court are Defendant's (1) Motion to Compel Discovery Responses (Docket No. 18) and (2) Motion to Stay Discovery and Dispositive Motion Deadlines (Docket No. 21). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## I.  BACKGROUND

On June 16, 2014, Defendant served Plaintiff with its First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission ("First Set of Discovery"). On July 23, 2014, Defendant responded to Defendant's discovery requests. According to Defendant, "[m]any of [Plaintiff's] discovery responses were incomplete, non-responsive, and wholly insufficient in relation to the [Defendant's] specific requests." *See* Mem. in Supp. of MTC, pp. 2-3 (Docket No. 18, Att. 1). The at-issue Motion to Compel followed, focusing upon Plaintiff's responses to Interrogatory Nos. 6-8, 11, 13-15, 17, and 19, as well as Request for Production Nos. 5-6 and 14-15.

**MEMORANDUM DECISION AND ORDER - 1**

On the same day that Plaintiff opposed Defendant's Motion to Compel, September 29,

2014, Plaintiff also served his First Supplemental Responses to Defendant's First Set of

Discovery.  On October 1, 2014, Plaintiff served his Second Supplemental Responses to

Defendant's First Set of Discovery.  On October 17, 2014, Defendant submitted a reply in

support of its Motion to Compel, taking into account Plaintiff's opposition thereto, alongside

Plaintiff's First and Second Supplemental Responses to Defendant's First Set of Discovery.

## II.  DISCUSSION

FRCP 37(a)(1) requires a party moving to compel to certify that a good faith attempt to

resolve the discovery dispute has been made before filing the motion.  *See* Fed. R. Civ. P.

37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or

attempted to confer with the person or party failing to make disclosure or discovery in an effort

to obtain it without court action.").  Relatedly, according to Local Civil Rule 37.1 (in effect at

the time of the parties' discovery dispute):

> Unless otherwise ordered, the Court will not entertain any discovery motion . . .
> unless the moving party through counsel or the self-represented litigant, files with
> the Court, at the time of filing the motion, a statement showing that the party making
> the motion has made a reasonable effort to reach agreement with opposing attorneys
> or self-represented litigant on the matters set forth in the motion.

Dist. Idaho Loc. Civ. R. 37.1.[1]  Defendant's counsel contends that his various letters to

Plaintiff's counsel speaking to the alleged inadequacies with the latter's discovery responses

---

[1] Local Rule 37.1 has since been revised to read:

> To confer means to speak directly with opposing counsel or a self-represented
> litigant in person or by telephone, to identify and discuss disputed issues and to make
> a reasonable effort to resolve the disputed issues.  The sending of an electronic or
> voice-mail communication does not satisfy the requirement to "confer."

Dist. Idaho Loc. Civ. R. 37.1.

**MEMORANDUM DECISION AND ORDER - 2**

satisfy the meet-and-confer requirement outlined within the Federal Rules of Civil Procedure and this District's Local Civil Rules.  The undersigned disagrees, and refers counsel to the current, revised Local Civil Rule 37.1's emphasis on in-person communications which spells out directly the nature of the meaning of what is required to "meet and confer" before bringing a motion to compel.  Still, the shortcoming in this respect is inconsequential given the state of the proceedings and the time involved to this point.  With this in mind, the Court now turns to the parties' respective arguments vis à vis the various interrogatories and requests for production that represent the subject of Defendant's Motion to Compel, resolving them as follows:

 **Interrogatory No. 6:** Defendant seeks information concerning Plaintiff's alleged damages.  Through Plaintiff's First Supplemental Responses to Defendant's First Set of Discovery, Plaintiff points out that its expert, Richard A. Slaughter, Ph.D., will provide a detailed past and future wage loss calculation, consistent with the expert disclosure deadline.  Defendant now acknowledges that Plaintiff "largely cured his defective responses to this interrogatory when he provided [Defendant] with his expert witness disclosure."  Therefore, Defendant's Motion to Compel is denied in this respect.

 **Interrogatory Nos. 7 & 8:** Defendant seeks information concerning Plaintiff's medical providers, including the dates of treatment.  Plaintiff has provided Plaintiff with the names, contact information, but only vague references to treatment dates.  However, because Plaintiff has also apparently provided Defendant with a signed Authorization for Release of Medical Records (and assuming Defendant has indeed secured Plaintiff's medical records), the dates that Plaintiff received medical treatment are now presumably available to Defendant.  Therefore, Defendant's Motion to Compel is denied in this respect.  If, after reviewing the medical records,

**MEMORANDUM DECISION AND ORDER - 3**

the requested information is not contained therein, Defendant may revisit the issue and renew any objection to Plaintiff's responses thus far.

**Interrogatory No. 11:** Defendant seeks information speaking to Plaintiff's mitigation of damages, asking that Plaintiff detail every educational and/or employment opportunity he has sought or applied for since January 1, 2009. Plaintiff's original answer spoke to the fact that he was hired by Bleckley County Sheriff's Office in March 2013. In his First Supplemental Answer, Plaintiff mentioned four entities he "received a response from his job applications" (Malheur County, The Knitting Factory, American Gun and Pawn, and "other convenience stores"), but offered no specific details of these employment opportunities (dates, position, store names etc.) or, even, applications made, if any, in which he received no responses. Plaintiff shall supplement his response to Interrogatory No. 11 with these observations in mind. Defendant's Motion to Compel is granted in this respect.

**Interrogatory No. 13:** Defendant seeks information dealing with any communications Plaintiff had with Defendant representatives regarding his disability/injury while employed with Defendant. Plaintiff's original response identified the existence of emails, but that he was not in possession of any; his First Supplemental Answer obliquely referenced daily conversations with two "teams" of approximately 18 people apiece, along with members of other teams who switched shifts, kitchen staff, and other personnel. Plaintiff, to the best of his recollection, shall provide the names of the individuals that fit the above-described categories of people, the dates and locations of any requested communications, and the substance of those communications. Defendant's Motion to Compel is granted in this respect.

**Interrogatory No. 14:** Defendant seeks information regarding the details of every accommodation Plaintiff requested of Defendant during his employment with Defendant.

**MEMORANDUM DECISION AND ORDER - 4**

Plaintiff responded that Defendant never engaged in the required "interactive process" to determine any reasonable accommodation, stating further that it was Defendant's duty to initiate that process. From this, it can be understood that Plaintiff himself did not make a request for any accommodation. This addresses the information sought. If this is incorrect, Plaintiff is advised to supplement his answer to Interrogatory No. 14. Defendant's Motion to Compel is denied in this respect.

**Interrogatory No. 15:** Defendant seeks information pertaining to the duties, functions, and/or responsibilities Plaintiff was unable to perform without an accommodation at the time of his termination. Plaintiff responded that he was not allowed to return to full duty after being released with no restrictions by his doctor and, thus, was not allowed the opportunity to prove his ability to perform his job, without restrictions. From this, it can be understood that Plaintiff was able to perform his job duties, without an accommodation, at the time his employment with Defendant ended. This addresses the information sought. If this is incorrect, Plaintiff is advised to supplement his answer to Interrogatory No. 15. Defendant's Motion to Compel is denied in this respect.

**Interrogatory No. 17:** Defendant seeks information relating to Plaintiff's attempts to engage in the ADA interactive process with Defendant while employed with Defendant. Plaintiff responded that he was assured that the light duty position would be available during his recovery by Lieutenant Daren Ward and that he was terminated when he wanted to return to full duty. It is unclear whether, or to what extent, Plaintiff initiated the conversation with Lieutenant Ward. Moreover, Plaintiff did not provide any details (dates or specific actions taken) of that conversation. Plaintiff shall supplement his response to Interrogatory No. 17 with these observations in mind. Defendant's Motion to Compel is granted in this respect.

**MEMORANDUM DECISION AND ORDER - 5**

**Interrogatory No. 19:** Defendant seeks information regarding Plaintiff's denials on any Requests for Admission.  Plaintiff objected, arguing that the number of interrogatories propounded by Defendant exceeded the number allowed under the Federal Rules of Civil Procedure.  In light of Plaintiff's own discovery efforts, his objection is misplaced.  Plaintiff shall respond to Interrogatory No. 19.  Defendant's Motion to Compel is granted in this respect.

**Request for Production Nos. 5 & 6**: Defendant requests documentation supporting Plaintiff's claim for damages.  Plaintiff has since produced his tax records, and essentially represents that there are no other responsive documents.  Therefore, Defendant's Motion to Compel is denied in this respect.

**Request for Production No. 14:** Defendant requests documentation relating to Plaintiff's efforts to secure employment (job applications, records of interviews, job offers, rejection letter, correspondence, etc.) subsequent to January 1, 2012.  It is unclear whether the information sought is still outstanding, given Defendant's failure to mention it within its reply briefing following Plaintiff's First and Second Supplemental Responses to Defendant's First Set of Discovery.  Therefore, if not already produced, Plaintiff shall produce the requested documentation.  Defendant's Motion to Compel is granted in this respect.

**Request for Production No. 15:** Defendant requests documentation (e.g., personnel files) relating to any jobs since leaving Defendant's employ.  Alternatively, Defendant requested executed releases of the names of each employer Plaintiff worked for since leaving Defendant's employ.  Plaintiff responded that he is not in possession of any records and that no release has been submitted to him for execution.  Defendant submits that it will draft a release and provide it to Jackson's counsel.  Therefore, if not already provided and executed, Defendant shall provide

**MEMORANDUM DECISION AND ORDER - 6**

Plaintiff's counsel with releases and Plaintiff shall, in turn, execute those releases.  Defendant's Motion to compel is granted in this respect.

Regarding those instances in which this Court has granted Defendant's Motion to Compel, Plaintiff is ordered to provide/supplement his responses within 10 days of this Memorandum Decision and Order.  Additionally, so as to "settle the pond" once and for all on the issues raised within Defendant's Motion to Compel, no costs/attorneys' fees will be awarded to either party.  The efforts leading up to this point (and corresponding attorney time and fees) could have (and arguably should have) been avoided by an earnest, in-person conversation between professionals.  A failure to do so leaves no room for an argument for fees from other side.

Finally, in light of the elapsed time between the filing of Defendant's Motion to Compel and this Memorandum Decision and Order, Defendant's Motion to Stay (requesting that the discovery and dispositive motion deadlines be stayed) is granted (either formally, here, or, practically speaking, through the passage of that same period of time).  **Within 10 days of this Memorandum Decision and Order, the parties shall submit to the Court a stipulation outlining the discovery and dispositive motion deadlines moving forward.  Pursuant to Docket No. 25, that stipulation shall also contain a deadline for the parties to participate in mediation**.

### III.  ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that:

1.      Defendant's Motion to Compel is GRANTED, in part, and DENIED, in part. Regarding those instances in which this Court has granted Defendant's Motion to Compel,

**MEMORANDUM DECISION AND ORDER - 7**

Plaintiff is ordered to provide/supplement his responses within 10 days of this Memorandum Decision and Order.

2.      Defendant's Motion to Stay is GRANTED.  Within 10 days of this Memorandum Decision and Order, the parties shall submit to the Court a stipulation outlining the discovery and dispositive motion deadlines moving forward.  Pursuant to Docket No. 25, that stipulation shall also contain a deadline for the parties to participate in mediation.



DATED:  **May 26, 2015**

Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 8**